Naomi M. Sarega, Esq.
California Bar No. 306967
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr. Suite #112
Santa Ana, CA 92705
(714) 617-8373
(714) 597-6729 facsimile
ns@higbee.law

Attorney for Plaintiff,
TAMARA WAREKA p/k/a TAMARA WILLIAMS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>DOLCE VITA HEALTH CENTER INC d/b/a DOLCE VITA HEALTH AND BEAUTY, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br><br>**(2) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**<br><br>**(3) FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiff Tamara Wareka p/k/a Tamara Williams, by and through her undersigned counsel, brings this Complaint against Defendant DOLCE VITA HEALTH CENTER INC d/b/a DOLCE VITA HEALTH AND BEAUTY and DOES 1 through 10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

1

## PARTIES

1. Plaintiff, Tamara Wareka p/k/a Tamara Williams ("Tamara Williams" or "Williams"), is an individual and professional photographer by trade.

2. Defendant, DOLCE VITA HEALTH CENTER INC d/b/a DOLCE VITA HEALTH AND BEAUTY ("Dolce Vita" or "Defendant") is a corporation duly organized and existing under the laws of the State of California and doing business in the State of California.

3. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the State of California and the Defendant transacts business in the state of California.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which the Defendant resides; a substantial part of the acts and omissions giving rise to the claims occurred, or a substantial part of property that is the subject of this action is situated in this judicial

2

district, and/or this civil action arises under the Copyright Act of the United States and Defendant and it's agents can be found in this judicial district.

## **FACTUAL ALLEGATIONS**
### *Plaintiff Tamara Williams*

7. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

8. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Clare, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

9. Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Williams' work deters would-be infringers from copying and profiting from her work without permission.

10. Williams' works often contain a watermark of her previous Instagram handle "@tamarawilliams1" or, alternatively, her updated Instagram handle "@tamarawilliams" ("Plaintiff's Watermark").

11. Williams is the sole author and exclusive rights holder to a photograph close-up beauty photograph of a woman's face partially covered by her hair ("Angelia Photograph").

12. Williams' Angelia Photograph as originally published contained Plaintiff's Watermark.

13. Attached as Exhibit A is a true and correct copy of the Angelia Photograph, which includes Plaintiff's Watermark.

14. Williams registered the Angelia Photograph with the United States Copyright Office under Registration Number VA 2-259-542 with an Effective Date

of Registration of July 13, 2021.

15. Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate for the Angelia Photograph.

16. On information and belief, Dolce Vita is a medical spa offering injectables such as botox and fillers, massage therapy, facials, and more aesthetic and spa services in Granite Bay, California.

17. Dolce Vita is currently listed as suspended on the California Secretary of State website for failing to meet requirements of the Franchise Tax Board.

18. Attached hereto as Exhibit C is a true and correct screenshot of Defendant's status with the California Secretary of State as of May 9, 2024.

19. Despite their corporation status being suspended, Dolce Vita appears to have continued their business operations and maintained an active website. *See generally* https://dolcevitads.com// ("Defendant's Website").

20. Dolce Vita manages, operates, and controls the Facebook page Dolce Vita Day Spa of Granite Bay ("Defendant's Facebook page").

21. On information and belief, Defendant's Facebook Page generates content in order to promote Defendant(s)' products and services, attract social media followers and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

22. On or about December 30, 2023, Williams discovered her Angelia Photograph copied and published on Defendant's Facebook Page with the caption "Enhance Your Natural Beauty with Our Exclusive Filler Sale! . . ." advertising a sale for facial filler at a reduced price of $599. ("Infringing Post").

23. In the Infringing Post, Defendant has placed their own "Dolce Vita" watermark in the lower left hand corner of the Infringing Post ("Defendant's Watermark").

24. Attached hereto as Exhibit D is a true and correct screenshot from Defendant's Facebook Page showing the Infringing Post with Defendant's Watermark.

4

25. In Plaintiff's original Angelia Photograph, Plaintiff's Watermark is visible within the model's hair, right above her nose. *See* Exhibit A.

26. In the Infringing Post, Defendant has cropped the Angelia Photograph so that Plaintiff's Watermark is cut off and they have blurred out Plaintiff's Watermark so it is no longer visible in the Angelia Photograph in the Infringing Post. *See* Exhibit D.

27. Attached hereto as Exhibit E is a side by side of the Angelia Photograph with Plaintiff's Watermark and the Angelia Photograph as used in the Infringing Post. Showing that Plaintiff's Watermark has been removed via blurring by Defendant.

28. Williams has never at any point granted Dolce Vita a license or other permission to copy, display, distribute, or otherwise use the Angelia Photograph on Defendant's Facebook Account in the Infringing Posts on Defendant's Facebook Page or any other website or platform.

29. Dolce Vita, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Angelia Photograph to Defendant's Facebook Page without Williams's consent or authorization.

30. Soon after discovering the Defendant's infringement of her Angelia Photograph, Williams, through counsel, reached out to Defendant to have the Angelia Photograph removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

31. Dolce Vita (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Angelia Photograph to Defendant's Facebook Page without Williams's consent.

32. Williams is informed and believes that the purpose and use of the Angelia Photograph on Defendant's Facebook was to promote and encourage the sale and use of Defendant's spa services by providing high-quality, professionally-produced photographs to assist the viewer in visualizing the results that could be achieved by using Defendant's services. Specifically, Defendant encouraged those

who viewed the Angelia Photograph to book an appointment for their on sale filler services.

33. Williams is informed and believes that Defendant (including its employees, agents, contractors, or others over whom it has responsibility and control) used, displayed, published and otherwise held out to the public William's original and unique Angelia Photograph for commercial benefit in order to acquire a direct financial benefit, through revenue from the sales of Defendant's services, from use of the Beauty Photograph.

34. On information and belief, Defendant's use of the Angelia Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Angelia Photograph on Defendant's Facebook Page or in any other way and the Angelia Photograph contained Plaintiff's Watermark indicating who Defendant should have contacted had they wanted to properly license the Angelia Photograph.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

35. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

36. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Angelia Photograph.

37. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Angelia Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Angelia Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Post.

38. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory

damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

39. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

40. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

41. Defendant(s)—including its employees, agents, contractors or others over whom it has responsibility and control—copied and uploaded the Angelia Photograph to Defendant's Facebook Page without Williams's consent or authorization.

42. Dolce Vita (including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Angelia Photograph onto Defendant's Facebook Page because Dolce Vita knew it did not have permission to use the Angelia Photograph.

## SECOND CAUSE OF ACTION
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202(b)

43. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendant (including its employees, agents, contractors or others over whom he has responsibility and control) knowingly and intentionally removed copyright management information related to the Angelia Photograph.

45. Specifically, Defendants made unauthorized copies of the Angelia Photograph, and knowing it was not the rightful copyright owner and did not have permission from the owner of the Angelia Photograph, removed Plaintiff's Watermark from the Angelia Photograph before publishing the Angelia Photograph to Defendant's Facebook Page. *See* Exhibit E.

46. Defendant's conduct was knowing and intentional because Defendants knew that they were not the copyright owner of the Angelia Photograph; Defendants

knew they had not licensed the Angelia Photograph for use on the Dolce Vita's Facebook Page; and Defendants knew they did not have consent to use the Angelia Photograph for use on the Dolce Vita Facebook Page or any other platform.

47. Defendants conduct constitutes a violation of 17 U.S.C. § 1202(b).

## THIRD CAUSE OF ACTION
## FALSE COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202(a)

48. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant (including its employees, agents, contractors or others over whom he has responsibility and control) knowingly and intentionally added false copyright management information related to the Angelia Photograph.

50. Specifically, Defendants made unauthorized copies of the Angelia Photograph, and knowing it was not the rightful copyright owner and did not have permission from the owner of the Angelia Photograph and added false copyright management information before publishing the Angelia Photograph to Defendant's Facebook Page.

51. Attached hereto as Exhibit F is a true and correct copy of the Infringing Post, zoomed in, showing where Defendants added their own watermark.

52. Defendant added the falsified copyright management information with the intent to conceal their infringement, mislead consumers into believing the Angelia Photograph was owned by Dolce Vita, and/or lead consumers to believe the Angelia Photograph reflected their use of the fillers advertised in the Infringing Post.

53. Defendant's conduct was knowing and intentional because Defendants knew that they were not the copyright owner of the Angelia Photograph; Defendants knew they had not licensed the Angelia Photograph for use on the Dolce Vita Facebook Page; and Defendants knew they did not have consent to use the Angelia Photograph for use on the Dolce Vita Facebook Page or any other platform.

54. Defendants conduct constitutes a violation of 17 U.S.C. § 1202(a).

55. As a result of Dolce Vita's multiple violations of 17 U.S.C. § 1202, Williams has sustained significant injury and irreparable harm.

56. As a result of Dolce Vita's violations of 17 U.S.C. § 1202, Williams is entitled to any actual damages and profits attributable to the violations of 17 U.S.C. § 1202, or in the alternative, Williams may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Angelia Photograph by copying, displaying, and distributing it without a license or consent;
- For a finding that Defendants intentionally removed copyright management information on the Angelia Photograph without the authority of the copyright owner or law pursuant to 17 U.S.C. § 1202(b);
- For an award of statutory damages for each violation of § 1202(b), in a sum of not less than $2,500 or more than $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B);
- For a finding that Defendants intentionally added false copyright management information on the Angelia Photograph without the authority of the copyright owner or law pursuant to 17 U.S.C. § 1202(a);
- For an award of statutory damages for each violation of § 1202(a), in a sum of not less than $2,500 or more than $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B);
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For an injunction preventing Defendant from further infringement of

all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: May 21, 2024               Respectfully submitted,

**/s/ Naomi M. Sarega**
Naomi M. Sarega, Esq.
Bar No. 306967
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Williams hereby demands a trial by jury in the above matter.

Dated: May 21, 2024 Respectfully submitted,

**/s/ Naomi M. Sarega**
Naomi M. Sarega, Esq.
Bar No. 306967
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*