Naomi M. Sarega, Esq.
Bar No. 306967
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile

Attorney for Plaintiff,
TAMARA WAREKA p/k/a TAMARA WILLIAMS

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>                    Plaintiff,<br><br>v.<br><br>DOLCE VITA HEALTH CENTER INC d/b/a DOLCE VITA HEALTH AND BEAUTY, and DOES 1 through 10 inclusive,<br><br>                    Defendants. | Case No. **2:24-cv-01440-DAD-CSK**<br><br>**OBJECTIONS TO RECOMMENDATIONS FOR DEFAULT JUDGMENT** |

COMES NOW Plaintiff Tamara Wareka p/k/a Tamara Williams, by and through her undersigned counsel, with these objections to the findings and recommendations (ECF 27) (the "Recommendations") for default judgment pursuant to Federal Rule of Civil Procedure 72(b)(2). In support of these objections, Plaintiff states as follows:

**I.     RECOMMENDATIONS**

The Recommendations were made following consideration of Plaintiff's Motion for Default Judgment (the "Default Motion") (ECF 22). Plaintiff's Default Motion requested statutory damages of $19,400 for copyright infringement, and

$5,000 for Defendant's two violations of 17 U.S.C. § 1202, as well as full costs and fees. *See* ECF 22.

The Recommendations suggest that Plaintiff should be awarded total statutory damages of $2,500. *See* ECF 27, Page 13. The recommended $2,500 includes $1,500 for copyright infringement and $1,000 for Defendant's violations of 17 U.S.C. § 1202. *Id*. at Page 13, 14.  The Recommendations provide little explanation for such a low statutory damages award. The only reasons given are that the requested damages are "too high," and that the infringement was perpetrated by a "single, standalone med spa." *Id*. at Page 13. The Recommendations suggest Plaintiff should be awarded full costs and fees. *Id*. at Page 16.

Plaintiff objects to the Recommendations' suggested award of statutory damages for copyright infringement, finding that the suggested award fails to account for evidence presented by Plaintiff as to the amount of damages suffered, and the commercial nature of Defendants' use. Further, Plaintiff believes the damages recommended for Defendant's violations of 17 U.S.C. §1202 fall outside the statutory range for such violations. These reasons for objection are discussed in further detail below. Plaintiff has no objection to the award of costs and fees.

**II.   ALLEGATIONS SHOULD BE TAKEN AS TRUE**

Plaintiff finds the Recommendations fail to account for the fact that the allegations in Plaintiff's Complaint should be taken as true. "The general rule of law [is] that upon default the factual allegations of the complaint . . . . will be taken as true." *Tele Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987). This principle is especially important when considering the purpose and nature of the Infringing Post by Defendant.

**III.   COMMERCIAL NATURE OF INFRINGING POST**

**a.  As Evidenced by Infringing Post**

While the Recommendations focus on the fact that "the infringement occurred in one social media post by a single, standalone med spa," Plaintiff has alleged and

2
OBJECTION TO RECOMMENDATIONS

hereon argues that the Infringing Post by Defendant held out Plaintiff's copyrighted Angelia Photograph as their own in order to acquire a direct financial benefit. *See* ECF 27, Page 13.

Looking to the Infringing Post itself, the post is clearly advertising a sale on filler, as can be seen by the text, "FILLER $599," which was added to Plaintiff's Angelia Photograph. *See* ECF 1, Exhibit C. In addition to the added text, the caption of the Infringing Post details the many uses for filler and also advertises the sale. It reads "Enhance Your Natural Beauty with Our Exclusive Filler Sale! Get ready to embrace a stunning transformation! For a limited time only, we are offering an incredible deal on our premium filler, just $599 per syringe! Whether you're looking to plump your lips, enhance your cheeks, define your jawline, or sculpt your chin, this sale is your opportunity to achieve the look you've always desired." *Id*.

The Infringing Post is clearly using the Angelia Photograph to try to entice viewers and clients to purchase filler from Defendant. The Angelia Photograph, as used in the Infringing Post, is cropped so the focus of the image is on the model's full lips. *See* ECF 1, Ex. D. Plaintiff alleged in her Complaint that the Infringing Post was made using the Angelia Photograph to assist users with visualizing the results that could be achieved through these services. See ECF 1, ¶32. The caption also provides inspiration to viewers, listing the many uses for filler which could be provided by Defendant at the advertised reduced price. These aspects directly show that there is a commercial nature to Defendant's use, as the Infringing Post is working to entice users to spend money on Defendant's services, therefore leading to Defendant acquiring a direct financial benefit from their infringing use of the Angelia Photograph.

**b. As Alleged in Plaintiff's Complaint**

The commercial nature of the infringement was also alleged in the Complaint. Plaintiff specifically alleged that Defendant's Facebook Account was used for the purpose of promoting the products and services offered at Defendant's business, to

3
OBJECTION TO RECOMMENDATIONS

attract clientele, and to generate profit and revenue for the company and it's owners. *See* ECF 1, ¶21. Therefore, the commercial nature of the page that hosted the Infringing Post is a fact this court must take as true. The infringement must be considered within this context.

Further, Plaintiff made allegations relating specifically to the infringement itself. In her Complaint, Plaintiff alleged the purpose of the Infringing Post was "promote and encourage the sale and use of Defendant's spa services by providing high-quality, professionally-produced photographs to assist the viewer in visualizing the results that could be achieved by using Defendant's services," and "for commercial benefit in order to acquire a direct financial benefit, through revenue from the sales of Defendant's services."

While commercial use could be inferred from these allegations, it is not necessary to make an inference. With the allegations in Plaintiff's Complaint taken as true, one must conclude that the nature of the Infringing Post was commercial, and that Defendant made the Infringing Post for the purpose of acquiring direct financial benefit.

### c. Lack of Objection to Commercial Characterization

While Plaintiff was unable to conduct discovery to determine the extent of the financial benefit acquired by Defendants from the Infringing Post, this is directly attributable to Defendant's failure to participate in this action. Defendant was clearly aware of the pendency of this action, as representatives of Defendant appeared multiple times before this Court. Although they were unable to represent Defendant, they failed to acquire counsel as continuously ordered by this Court. Further, they failed to properly object to any of the allegations within Plaintiff's Complaint, despite ample opportunity and time given to do so.

The well-established principle of law tells us these allegations must be taken as true. The facts of this case and the lack of objection by Defendant shows that Defendant has no objection to these allegations being taken as true. Therefore,

Plaintiff urges this Court to consider the commercial nature of the Infringing Post in their statutory damages award.

### IV. DAMAGES FOR COPYRIGHT INFRINGEMENT

While not required, Plaintiff took it upon herself to prove her damages in the Default Motion. In doing so, Plaintiff presented evidence to this Court showing the value of a similar and comparable work.

Plaintiff presented a license for a comparable image to this Court. *See* ECF 22, Sarega Decl., Ex. D. The image depicted in this license is a close-up beauty photograph, similarly-styled to the Angelia Photograph, which is the subject of this case. The exhibit shows that this comparable image was licensed for use in three brick-and-mortar stores, as well as via email. The license allowed for the image to be used for one single month, from March 1, 2018, to April 1, 2018, at a price of $9,700. *Id*.

Here, the Defendant posted the Angelia Photograph on the Defendant's Facebook Account. Plaintiff is unaware of any further uses due to lack of opportunity to conduct discovery. Plaintiff was not granted the opportunity to discover any in-store uses of the Angelia Photograph.

Both the provided license and Defendant's Infringing Post were for commercial purposes. Additionally, the license only provided for one month of use at a rate of $9,700. *See* ECF 22, Sarega Decl., Ex. D. Plaintiff discovered the Infringing Post by Defendant on December 30, 2023. *See* ECF 1, ¶22. The Infringing Post was made on July 13, 2023. *See* ECF 1, Ex. D. The Infringing Post by Defendant had been actively posted on Defendant's Facebook Account for roughly six months at the time it was discovered by Plaintiff. This is six times longer than the provided license, and rate, contemplates.

Plaintiff believes that greater weight should be given to the proven market value of Plaintiff's work. While the provided license does allow for slightly wider use than Defendant's Infringing Post as known by Plaintiff, Defendant's Infringing

5
OBJECTION TO RECOMMENDATIONS

Post was active online for six times the length of use provided by the license at a rate of $9,700.

The Court's reasoning that Defendant only has one physical location in no way lessens the blow of Defendant's infringing actions, considering the infringement occurred online. With a six-month long infringement of her unique and original Angelia Photograph, Plaintiff undoubtedly suffers damages. The value of those damages directly relates to the value of Plaintiff's work, which has been proven to this Court. Therefore, Plaintiff believes the requested $19,400 in damages for copyright infringement to be reasonable.

## V.   DAMAGES FOR U.S.C. § 1202 VIOLATIONS

Taking the allegations of Plaintiff's Complaint as true, Defendant has violated 17 U.S.C.§1202. Specifically, Defendant violated §1202(a) by providing false copyright management information. Defendant provided false copyright management information by imposing their own watermark, which included their logo and business name, on the Infringing Post of Plaintiff's Angelia Photograph. *See* ECF 1, ¶49, Ex. F. Defendant violated §1202(b) by removing Plaintiff's copyright management information. Defendant removed Plaintiff's copyright management information by blurring out Plaintiff's Watermark, which was on the Angelia Photograph as originally published. *See* ECF 1, ¶44, Exhibit E.

17 U.S.C. §1203 provides guidance on civil remedies for such violations as those by Defendant. The Recommendations, which cite §1203(c) when determining this award, appear to erroneously rely on §1203(c)(3)(A), which applies to violations of §1201. However, Plaintiff has not made any such allegations against Defendant.

17 U.S.C. §1203(c)(3)(B), which applies when determining damages for violations of §1202, states that "a complaining party may elect to recover an award of statutory damages for *each violation* of section 1202 in the sum of *not less than $2,500* or more than $25,000" (emphasis added).

The Recommendations suggest the Plaintiff should be awarded $500 for each

6
OBJECTION TO RECOMMENDATIONS

violation. This amount is only one-fifth of the statutory minimum for each violation by Defendant. The damages recommended by this Court fall outside the statutory range allowed for such violations.

In the Default Motion, Plaintiff requested the statutory minimum of $2,500 for each violation of §1202, of which there are two. Plaintiff respectfully renews this request, believing the statutory guidelines in §1203(c)(3)(B), to be clear and applicable to Plaintiff's claims.

## VI. CONCLUSION

Taking into account the commercial nature of the Infringing Post by Defendant and the proven value of Plaintiff's work, Plaintiff believes an award of $19,400 in statutory damages for copyright infringement to be reasonable. While the Recommendations significantly reduce this award in the name of discretion, Plaintiff finds the recommended $1,500 to be far below the proven value of Plaintiff's work. Further, Plaintiff believes an award of $5,000 for Defendant's two violations of U.S.C §1202 to be reflective of the statutory minimum.

In conclusion, Plaintiff respectfully requests this Court consider the above objections by Plaintiff when reviewing the Recommendations and issuing a judgment in this matter.

Dated:   October 23, 2025                Respectfully submitted,

**/s/ Naomi M. Sarega**
Naomi M. Sarega, Esq.
Bar No. 306967
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to the within action.

On October 23, 2025 I served the foregoing documents, **OBJECTIONS TO RECOMMENDATIONS FOR DEFAULT JUDGMENT**, on Defendant Dolce Vita as follows:

(BY MAIL) I deposited an envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon, fully prepaid, and addressed to the person below:

Simon Buniak
300 Harding Boulevard, Suite 112
Roseville CA 95678

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 23, 2025 at Santa Ana, California.

Dated: October 23, 2025                     Respectfully submitted,

**/s/Diana Ramirez**
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200,
N Las Vegas, NV, 89032
(714) 617-8350
(714) 597-6729 fascimile