UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA P/K/A TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>DOLCE VITA HEALTH CENTER, INC D/B/A DOLCE VITA HEALTH AND BEAUTY, et al.,<br><br>Defendants. | Case No. 2:24-cv-01440-DAD-CSK<br><br>ORDER AND AMENDED FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 22) |

On October 16, 2025, the Court issued findings and recommendations granting Plaintiff Tamara Wareka p/k/a ("previously known as") Tamara Williams' second motion for default judgment pursuant to Federal Rules of Civil Procedure 55(b)(2). *See* 10/16/2025 Findings & Rec. (ECF No. 27); Pl. Second Mot. (ECF No. 22.)[1] On October 23, 2025, Plaintiff timely filed objections to the findings and recommendations objecting to the statutory damages award and raising an error in Court's identification of the statutory damages range for claims pursuant to 17 U.S.C. § 1202 (claims two and three). Pl. Obj. at 6-7 (ECF No. 28).[2] The Court agrees that its original findings and

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 302(c)(19).
[2] Plaintiff had no objection to the findings and recommendations as to the award of costs and fees. Pl. Obj. at 2.

1

recommendations incorrectly identified the statutory damages range for § 1202 claims, VACATES the October 16, 2025 findings and recommendations, and issues these AMENDED findings and recommendations granting Plaintiff's second motion for default judgment. The Court's amended findings and recommendations increase the recommended statutory damages award for claims two and three to the amount requested by Plaintiff ($2,500 for each claim).

## Amended Findings and Recommendations

Pending before the Court is Plaintiff's second motion for default judgment. This motion was re-noticed for hearing for July 1, 2025. (ECF No. 24.) Defendant Dolce Vita Health Center, Inc. d/b/a ("doing business as") Dolce Vita Health and Beauty have not filed a response to the motion. *See* Docket. On June 13, 2025, Plaintiff's motion was taken under submission without argument pursuant to Local Rule 230(c) and (g). 6/13/2025 Order (ECF No. 26). For the reasons stated below, the Court recommends GRANTING Plaintiff's second motion for default judgment, and that judgment be entered in favor of Plaintiff.

I.  BACKGROUND

   A.  Factual Background

Plaintiff is a professional freelance photographer who specializes in beauty and fashion photography. Compl. ¶ 1, 7 (ECF No. 1). Plaintiff's work has been featured on her Instagram, in top publications including, Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim, and others, and has been commercially used by brands such as NARS, KKW, Fenty, and Benefit. *Id*. ¶¶ 7-8. Plaintiff's work often contains a watermark of her prior Instagram handle, "@tamarawilliams1", or of her current Instagram handle, "@tamarawilliams" (collectively "Plaintiff's Watermark"). *Id*. ¶ 10. Plaintiff is the sole author and exclusive rights holder of the Angelia Photograph, which is a close-up beauty photograph of a woman's face partially covered by her hair. *Id*. ¶ 11, Exh. A. Plaintiff's Angelia Photograph, as originally published, contained Plaintiff's Watermark within the model's hair, right above her nose. *Id*. ¶¶ 12-13, 25, Exh.

2

A. Plaintiff registered the Angelia Photograph with the U.S. Copyright Office under registration number VA 2-259-542 with an effective date of registration of July 13, 2021. *Id*. ¶¶ 14-15, Exh. B.

Defendant is a medical spa in Granite Bay, California offering injectables such as botox and fillers, massage therapy, facials, and other aesthetic and spa services. Compl. ¶ 17. Defendant is a California incorporation that is listed as suspended on the California Secretary of State website. *Id*. ¶¶ 2, 17-18, Exh. C. Defendant maintains an active website at https://dolcevitads.com//. *Id*. ¶ 20. Defendant also manages, operates and controls a Facebook page for Dolce Vita Day Spa of Granite Bay where it promotes its products and services to generate profit and revenue. *Id*. ¶¶ 20-21.

Plaintiff alleges on or about December 30, 2023, Plaintiff discovered her Angelia Photograph copied and published on Defendant's Facebook page with a caption "Enhance Your Natural Beauty with Our Exclusive Filler Sale!", lettering within the photograph showing a reduced price for a facial filler of $599, and a "Dolce Vita" watermark imposed in the lower left corner of the photograph ("Infringing Post"). Compl. ¶¶ 22-24, Exh. D. Plaintiff alleges Defendant cropped the Angelia Photograph to cut off Plaintiff's Watermark and blurred out Plaintiff's Watermark so it was no longer visible in the Infringing Post. *Id*. ¶¶ 26-27, Exh. E. Plaintiff has never granted Defendant a license or other permission "to copy, display, distribute, or otherwise use" the Angelia Photograph in the Infringing Post, on Defendant's Facebook page, or any other website or platform. *Id*. ¶ 28. Plaintiff alleges the use of the Angelia Photograph on Defendant's Facebook page was without Plaintiff's consent or authorization. *Id*. ¶¶ 29, 31. Soon after discovering Defendant's infringement, Plaintiff attempted to resolve the matter without court intervention, but the parties were unable to come to an agreement. *Id*. ¶ 30. Plaintiff alleges Defendant's infringement was willful. *Id*. ¶ 34.

**B.     Procedural Background**

On May 21, 2024, Plaintiff initiated this action asserting three causes of action against Defendant: (1) copyright infringement pursuant to 17 U.S.C. § 101 *et seq*.;

1  (2) removal of copyright management information pursuant to 17 U.S.C. § 1202(b); and
2  (3) false copyright management information pursuant to 17 U.S.C. § 1202(a). Compl.
3  ¶¶ 35-56. On June 13, 2024, Plaintiff filed a proof of service indicating Defendant's
4  authorized agent for service, Simon Buniak, was served on June 7, 2024 with the
5  summons. ECF No. 5; *see also* Compl. Exh. C. On July 25, 2024, Plaintiff filed a request
6  for entry of default against Defendant for failing to appear. (ECF No. 6.) The Clerk of the
7  Court entered default as to Defendant on July 26, 2024. (ECF No. 7.)

8      On September 9, 2024, Plaintiff moved for default judgment against Defendant.
9  (ECF No. 8.) On December 4, 2024, the undersigned issued an order taking Plaintiff's
10 motion under submission; vacating the hearing; ordering a written response from
11 Defendant by December 27, 2024; and directing Plaintiff to serve Defendant with a copy
12 of the order. 12/4/2024 Order (ECF No. 12). On December 27, 2024, Plaintiff filed a
13 proof of service that Defendant was served with a copy of the December 4, 2024 Order
14 on December 20, 2024. (ECF No. 13.)

15     On January 10, 2025, Faina Buniak in pro se filed an answer on behalf of
16 Defendant. (ECF No. 14.) On January 29, 2025, Plaintiff filed a motion to strike
17 Defendant's answer and noticed it for a hearing before the district judge for March 17,
18 2025. (ECF No. 15.) On March 17, 2025, District Judge Dale A. Drozd issued a minute
19 order noting that pro se individuals Faina Buniak, Simon Buniak, and Yana Matviichuk,
20 who appeared on behalf of Defendant, cannot represent a corporate defendant; directing
21 Defendant to obtain counsel before the status conference set for April 14, 2025 at 1:30
22 P.M. before the district judge and to direct counsel to file a Notice of Appearance and an
23 answer; granting Plaintiff's motion to strike as stated on the record; and denying
24 Plaintiff's motion for default judgment without prejudice. 3/17/2025 Order (ECF No. 17).
25 On April 14, 2025, a status conference was held before District Judge Drozd where pro
26 se individuals Faina Buniak, Simon Buniak, and Yana Matviichuk appeared on behalf of
27 Defendant and requested an extension of time to retain counsel. 4/14/2025 Order (ECF
28 No. 18). The status conference was continued to May 5, 2025. *Id.* On May 5, 2025, a

4

status conference was held before District Judge Drozd where the court addressed the status of Defendant's representation by counsel. 5/5/2025 Order (ECF No. 19). Pro se individual on behalf of Defendant, Simon Buniak, informed the court of the efforts made to obtain legal representation and informed the court the company was going out of business. *Id.* The court directed Plaintiff to either renew her motion for default judgment or attempt to resolve the matter informally. *Id.* Plaintiff informed the court she had attempted to resolve the matter but that talks were unsuccessful and that she would be moving forward with filing a renewed motion for default judgment. *Id.*

On May 20, 2025, Plaintiff filed the pending second motion for default judgment and re-noticed it for hearing for July 1, 2025 before the undersigned. Pl. Second Mot.; *see also* ECF No. 24. Defendant did not file any response. *See* Docket. On June 13, 2025, the undersigned issued an order taking Plaintiff's second motion under submission; vacating the hearing; ordering a written response from Defendant by June 27, 2025; and directing Plaintiff to serve Defendant with a copy of the order. 6/13/2025 Order. Plaintiff did not file a proof of service that Defendant was served with a copy of the June 13, 2025 Order, however, the record shows Defendant was served with a copy of the June 13, 2025 Order at the address listed for Defendant. *See* Docket. Despite being served with a copy of the June 13, 2025 Order, Defendant did not respond. *See* Docket.

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

1. the possibility of prejudice to the plaintiff;
2. the merits of the substantive claim(s);
3. the sufficiency of the complaint;
4. the amount of money at stake in the lawsuit;
5. whether there are any disputes of material fact;
6. whether the defendant's default was due to excusable neglect; and
7. the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

Once a default is entered, all well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default, and the plaintiff bears the burden to prove damages with evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

**III.    DISCUSSION**

Plaintiff moves for entry of judgment against Defendant as to all three of her claims for copyright infringement, removal of copyright management information, and

false copyright management information. Pl. Second Mot. at 6, 16. Plaintiff requests the Court enter judgment in favor of her for a total award of $28,467.50, comprising of $24,400 in statutory damages, $3,217.50 in attorney's fees, $850 in costs, post-judgment interest at 0.70% per annum, and for injunctive relief permanently enjoining Defendant from further infringing conduct. *Id.* at 16.

### A. Jurisdiction and Service

As a preliminary matter, a court considering whether to enter default judgment must first determine whether it has jurisdiction over both the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under federal copyright law. *See* 17 U.S.C. § 101, *et seq.*; *see also* 17 U.S.C. §§ 1202(a), 1202(b). In addition, the Court has personal jurisdiction over Defendant, which is a California corporation. *See AM Tr. v. UBS AG*, 681 F. App'x 587, 588 (9th Cir. 2017) ("a corporation is typically subject to general personal jurisdiction only in a forum where it is incorporated or where it maintains its principal place of business") (citations omitted).

The Court also finds service was proper under Federal Rules of Civil Procedure 4(h)(1)(B). Under California law, a corporation may be served by delivering a summons and complaint to certain individuals, including the person designated as agent for service of process. Cal. Civ. Proc. § 416.10(a)-(b). Here, Defendant's designated agent for service of process was personally served on June 7, 2024. ECF No. 5; *see also* Compl. Exh. C.

### B. *Eitel* Factors

For the following reasons, the Court finds that the *Eitel* factors weigh in favor of granting default judgment against Defendant.

#### 1. Factor One: The Possibility of Prejudice to the Plaintiff

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment were not entered, and such potential prejudice to the plaintiff weighs in favor of

granting a default judgment. *See PepsiCo,* 238 F. Supp. 2d at 1177. Here, the Clerk of the Court entered default against Defendant on July 26, 2024 (ECF No. 7). Defendant has not participated in the litigation despite being served with the Complaint, multiple default judgment motions, and the Court's most recent June 13, 2025 Order. *See* Docket. Though pro se individuals attempted to represent Defendant, the court informed them in writing and at a status conference that this was improper, that corporate entities must be represented by counsel, and provided Defendant an extension of time to retain counsel. *See* 3/17/2025 Order; 4/14/2024 Order; 5/5/2025 Order. Plaintiff would suffer prejudice if the Court did not enter a default judgment because the determination of her rights would remain unresolved. Accordingly, the first *Eitel* factor favors the entry of default judgment.

### 2. Factors Two and Three: The Merits of the Claims and the Sufficiency of the Complaint

The merits of Plaintiff's substantive claims and the sufficiency of the Complaint are considered together due to the relatedness of the two inquiries. The Court must consider whether the allegations in the Complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. Here, the merits of the claims and the sufficiency of the Complaint favor entry of default judgment.

Plaintiff moves for default judgment as to her three claims for copyright infringement, removal of copyright management information, and false copyright management information. *See* Pl. Second Mot. The Court addresses each in turn.

#### a. Copyright Infringement

Plaintiff's first cause of action is for copyright infringement pursuant to 17 U.S.C. § 101, *et seq*. Compl. ¶¶ 35-42. To state a claim for copyright infringement, a plaintiff must show: (1) "that [s]he owns a valid copyright"; and (2) "that [defendant] copied protected aspects of the work." *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). "A certificate of registration from the U.S.

8

Copyright Office raises the presumption of copyright validity and ownership." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 988 (9th Cir. 2017).

Based on the allegations of the Complaint, Plaintiff has sufficiently alleged a claim for copyright infringement. First, Plaintiff has established copyright ownership of the Angelia Photograph. Plaintiff has presented a certificate of registration from the U.S. Copyright Office showing she registered the Angelia Photograph on July 13, 2021 under Registration Number VA 2-259-542. Compl. ¶¶ 14, 15, Exh. B. Plaintiff further alleges she is the "sole author and exclusive rights holder" to the Angelia Photograph and "did not consent to, authorize, permit, or allow in any manner the use of" the Angelia Photograph. Compl. ¶¶ 11, 36. Second, Plaintiff has sufficiently alleged Defendant copied the Angelia Photograph. Plaintiff has shown that Defendant copied and published the Angelia Photograph on Defendant's Facebook page in the Infringing Post, without a license or permission "to copy, display, distribute, or otherwise use" and that Defendant's use of the Angelia Photograph was without Plaintiff's consent or authorization. *Id*. ¶¶ 20-24, 26-29, Exhs. D, E. Accordingly, Plaintiff has sufficiently pled a meritorious claim for copyright infringement.

                b.     *Removal of Copyright Management Information*

Plaintiff's second cause of action is for removal of copyright management information pursuant to 17 U.S.C. § 1202(b). Compl. ¶¶ 43-47. 17 U.S.C. § 1201(b) provides that:

> No person shall, without the authority of the copyright owner or the law[,] (1) intentionally remove or alter any copyright management information, (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b)(1) and (3) "require the defendant to possess the mental state of knowing, or having a reasonable basis to know, that his actions 'will induce, enable facilitate or conceal' infringement." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (9th Cir. 2018). 17 U.S.C. § 1202(c) defines copyright management information as including, among other things, "(1) [t]he title and other information identifying the work, including the information set forth on a notice of copyright[,] (2) [t]he name of, and other identifying information about, the author of a work[,] (3) [t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright…" Here, Plaintiff's Watermark, which is superimposed on the Angelia Photograph, constitutes copyright management information pursuant to 17 U.S.C. § 1202(c) because it acts to identity Plaintiff and her ownership over the Angelia Photograph. *See McGucken v. Chive Media Grp., LLC*, 2018 WL 3410095, at *4 (C.D. Cal. July 11, 2018) ("Visible [copyright management information], such as a watermark, qualify as [copyright management information] pursuant to" 17 U.S.C. § 1202(c)).

Based on the allegations of the Complaint, Plaintiff has sufficiently alleged a claim for removal of copyright management information. Plaintiff has sufficiently alleged that Defendant removed Plaintiff's Watermark from the Angelia Photograph by cutting off Plaintiff's Watermark and blurring it out so it was no longer visible before publishing the Angelia Photograph to Defendant's Facebook page in the Infringing Post. Compl ¶¶ 12-13, 25-26, 45, Exhs. A, E, F. Moreover, Plaintiff has sufficiently alleged that Defendant removed Plaintiff's copyright management information and that Defendant "knowingly and intentionally removed" Plaintiff's copyright management information in the Angelia Photograph. Compl. ¶ 44. Accordingly, Plaintiff has sufficiently pled a meritorious claim for removal of copyright management information.

### c. False Copyright Management Information

Plaintiff's third cause of action is for false copyright management information pursuant to 17 U.S.C. § 1202(a). Compl. ¶¶ 35-42. 17 U.S.C § 1202(a) provides that "no

person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement[,] (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." Based on the allegations of the Complaint, Plaintiff has sufficiently alleged a claim for false copyright management information. Plaintiff alleges Defendant added their own watermark to the Angelia Photograph in the Infringing Post and did so with the intent to conceal the infringement and to mislead consumers to believe Defendant owned the Angelia Photograph. Compl. ¶¶ 49-53, Exh. F. For the same reasons noted above as to Plaintiff's Watermark constituting copyright management information, Defendant's logo superimposed on the Angelia Photograph published in the Infringing Post, constitutes copyright management information pursuant to 17 U.S.C. § 1202(c). *See* Compl. Exh. F. Further, Plaintiff has sufficiently alleged that Defendant intentionally added its logo onto the Angelia Photograph. *Id.* Accordingly, Plaintiff has sufficiently pled a meritorious claim for false copyright management information.

The Court therefore finds the second and third *Eitel* factors favor the entry of default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. *PepsiCo,* 238 F. Supp. 2d at 1176. Here, the sum of money at stake is reasonable as it is directly connected to the harm caused by Defendant's conduct. Accordingly, the fourth *Eitel* factor favors the entry of default judgment.

### 4. Factor Five: The Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and Plaintiff has provided the Court with well-pleaded allegations and documentation supporting her claims. The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, and thus, there is no likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D.

388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003); *PepsiCo*, 238 F. Supp. 2d at 1177. Accordingly, the fifth *Eitel* factor favors the entry of default judgment.

### 5. Factor Six: Whether Default was Due to Excusable Neglect

Upon review of the record before the Court, there is no indication that the default was the result of excusable neglect. *See PepsiCo*, 238 F. Supp. 2d at 1177. Plaintiff served Defendant with the summons. (ECF No. 5.) Defendant has also been served with multiple motions for default judgments, including the pending second motion for default judgment, and the Court's June 13, 2025 Order. *See* Docket. Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendant has failed to properly participate in this action through counsel or to defend itself. Moreover, Defendant is aware of the lawsuit as it attempted to litigate the action in pro se. *See* 3/17/2025 Order; 4/14/2025 Order; 5/5/2025 Order. Accordingly, the sixth *Eitel* factor favors the entry of default judgment.

### 6. Factor Seven: The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although the Court is cognizant that this factor weighs against granting default judgment, the policy favoring decisions on the merits does not, by itself, preclude the entry of default judgment where a defendant fails to appear or defend itself in an action. *See PepsiCo*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

### 7. Conclusion

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry of default judgment against Defendant. The Court next determines the terms of judgment.

///

**C.    Terms of Judgment**

Plaintiff requests a total award of $28,467.50, including $24,400 in statutory damages, $3,217.50 in attorney's fees, $850 in costs, and post-judgment interest at 0.70% per annum. Pl. Second Mot. at 16. Plaintiff also seeks injunctive relief permanently enjoining Defendant from further infringing conduct. *Id*. The Court addresses each in turn.

1.    <u>Statutory Damages</u>

a.    *Copyright Infringement Claim*

Plaintiff requests statutory damages for each of her claims for a total award of $24,400. Pl. Second Mot. at 13-22. As to her copyright infringement claim, Plaintiff seeks statutory damages in the amount of $19,400. *Id*. at 15. As to her claims for removal of copyright management information and false copyright management information, Plaintiff seeks statutory damages in the amount of $2,500 for each violation, for a total of $5,000. *Id*.

Pursuant to 17 U.S.C. § 504(a), "an infringer of copyright is liable for either[,] (1) the copyright owner's actual damages and any additional profits of the infringer[…]; or (2) statutory damages[.]" 17 U.S.C. § 504(c) provides for statutory damages of no "less than $750 or more than $30,000 as the court considers just." If the "infringement was committed willfully, the court in it is discretion may increase the award of statutory damages to a sum of not more than $150,000" per copyright infringement. 17 U.S.C. § 504(c)(1). "A plaintiff may elect statutory damages 'regardless of the adequacy of the evidence offered as to [her] actual damages and the amount of the defendant's profits." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc*., 259 F.3d 1186, 1194 (9th Cir. 2001) (citation omitted). "If statutory damages are elected, '[t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.'" *Peer Int'l Corp. v. Pausa Recs., Inc*., 909 F.2d 1332, 1336 (9th Cir. 1990) (quoting *Harris v. Emus Recs. Corp*., 734 F.2d 1329, 1335 (9th Cir. 1984)). In measuring statutory damages, a court is guided by "what

13

is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like .... Within these limitations the court's discretion and sense of justice are controlling ...." *Id*. (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952).

Here, though the requested amount falls within the allowed range for statutory damages, the Court finds Plaintiff's requested statutory damages of $19,400 is too high for the nature of the copyright infringement alleged. The infringement occurred in one social media post by what appears to be a single, standalone medical spa. There are no allegations in the Complaint that the infringement is continuing or that Defendant did not take the Infringing Post down after Plaintiff's discovery. *See* Compl. The Court exercises its discretion and recommends awarding $1,500 for the copyright infringement.

### b. *Removal of Copyright Management Information and False Copyright Management Information Claims*

Pursuant to 17 U.S.C. § 1203(c)(3), for violations of removal of copyright management information and false copyright management information, "a complaining party may elect to recover an award of statutory damages for each violation […]in the sum of not less than $2,500 or more than $25,000." The Court finds Plaintiff's request of the $2,500 statutory minimum for each violation— removal of case management information (Claim 2) and false case management information (Claim 3)—for a total statutory damages award of $5,000 to be warranted. *See* 17 U.S.C. § 1203(c)(3).

Accordingly, the Court recommends Plaintiff be awarded a total of $5,000 in statutory damages for Claims 2 and 3.

### 2. Attorney's Fees and Costs

Plaintiff seeks an award of attorney's fees and costs as the "prevailing party" pursuant to 17 U.S.C. § 505. Pl. Second Mot. at 16. A court may award "full costs, including reasonable attorney's fees, to the prevailing party in a claim arising under the Copyright Act." 17 U.S.C. § 505; *see also* 17 U.S.C. § 1203(b) (allowing a court, at its discretion, to allow the recovery of costs and to award reasonable attorney's fees to the

14

prevailing party).

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

Plaintiff seeks $3,217.50 in attorney's fees for attorney Naomi Sarega, for 6.9 hours of legal services at an hourly rate of $325. 5/20/2025 Declaration of Naomi Sarega ¶¶ 35-37, Exh. E (ECF No. 22-1). Plaintiff provides billing records from May 11, 2024 to May 5, 2025 for reviewing and drafting the Complaint, service and default, and reviewing and editing the motions for default judgment. Sarega Decl. Exh. E. Although Plaintiff includes billing records for hours expended drafting Plaintiff's motion to strike and participating in status conferences regarding Defendant retaining counsel, Plaintiff does not seek fees for these entries. *See id.* The Court finds that 6.9 hours is a reasonable amount of time for the work completed. Although Plaintiff does not provide the number of years of experience Ms. Sarega has, the Court takes judicial notice of the California

state bar website indicating that Ms. Sarega has been admitted to California since December 2015 and therefore has almost 10 years of legal experience. *See BMO Harris Bank N.A. v. BKSG Transportation LLC*, 2018 WL 4297854, at *10 (E.D. Cal. Sept. 10, 2018) (taking judicial notice of California State Bar website for purposes of determining attorney's experience). The Court finds the hourly rate of $325 for an attorney with almost 10 years of experience is reasonable in Sacramento and recommends granting counsel's requested $325 hourly rate. The Court notes that the requested hourly rate is a lower rate than the rate for attorneys with similar years of legal experience in the relevant community. *See, e.g., Gong-Chun v. Aetna Inc.*, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $490 and $695 per hour for senior counsel and partners).

Pursuant to 28 U.S.C. § 1920, a court may tax as costs clerk fees, transcript fees, printing fees, and docket fees. Plaintiff seeks $405.00 for the filing fee for the Complaint and $445 for the service of process fees, totaling $850. Sarega Decl. ¶¶ 38-41, Exhs. F, G. Costs for filing and service fees are properly recoverable by Plaintiff. *See AMUR Equipment Finance, Inc. v. CHD Transport Inc.*, 2017 WL 4577379, at *13 (E.D. Cal. Nov. 15, 2017) (collecting cases). Accordingly, the Court finds Plaintiff's request of $850 in costs is compensable and should be awarded.

Accordingly, the Court recommends that Plaintiff be awarded $3,217.50 for attorney's fees and $850 for costs, for a total fees and costs award of $4,067.50.

### 3. Post-Judgment Interest

Plaintiff requests post-judgment interest pursuant to 28 U.S.C. § 1961(a). Pl. Second Mot. at 16. "Under the provisions of 28 U.S.C. § 1961, post-judgment interest on a district court judgment is mandatory." *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) (citing *Perkins v. Standard Oil Co.*, 487 F.2d 672, 674 (9th Cir. 1973)). Post-judgment interest applies to the entire judgment, including principal, pre-judgment interest, attorney fees, and costs. *Air Separation, Inc.*, 45 F.3d at 291. The post-judgment interest rate is set "at a rate equal to the weekly

16

average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding...the date of the judgment." 28 U.S.C. § 1961(a). Accordingly, Plaintiff shall be awarded post-judgment interest as set forth in 28 U.S.C. § 1961(c).

### 4. Injunctive Relief

Although Plaintiff requests a permanent injunction pursuant to 17 U.S.C. § 502 enjoining Defendant from further infringement, Plaintiff does provide argument or support for such requested relief. *See generally* Pl. Second Mot. Plaintiff's proposed order also does not request injunctive relief. *See* ECF No. 22-3. To grant injunctive relief in an action for copyright infringement, "Plaintiff must demonstrate (1) irreparable harm; (2) lack of adequate remedies at law; (3) the balance of hardships weighs in its favor; and (4) the injunction is in the public's interest." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1057 (C.D. Cal. 2011) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393-94 (2006)). The Court finds Plaintiff has not established a permanent injunction against Defendant is appropriate. Accordingly, the Court recommends denying Plaintiff's request for injunctive relief.

## IV. CONCLUSION

For the reasons set for above, it is HEREBY ORDERED that the October 17, 2025 findings and recommendations (ECF No. 27) are VACATED.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's second motion for default judgment (ECF No. 22) be GRANTED;
2. Plaintiff be awarded $1,500 in statutory damages pursuant to 17 U.S.C. § 504 for claim one;
3. Plaintiff be awarded $5,000 in statutory damages pursuant to 17 U.S.C. § 1203 for claims two and three;
4. Plaintiff be awarded $3,217.50 in attorney fees for attorney Naomi Sarega and $850 in costs;
5. Plaintiff be awarded post-judgment interest as set forth in 28 U.S.C.

|   |   |   |
|---|---|---|
| 1 |   | § 1961(a), which shall accrue from the time of entry of judgment until the |
| 2 |   | judgment is satisfied in full; |
| 3 | 6. | Plaintiff's request for a permanent injunction be denied; and |
| 4 | 7. | The Clerk of the Court close this action. |

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 5, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, ware1440.24