Naomi M. Sarega, Esq.
Bar No. 306967
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile

Attorney for Plaintiff,
TAMARA WAREKA p/k/a TAMARA WILLIAMS

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>DOLCE VITA HEALTH CENTER INC d/b/a DOLCE VITA HEALTH AND BEAUTY, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. **2:24-cv-01440-DAD-CSK**<br><br>**OBJECTIONS TO AMENDED RECOMMENDATIONS FOR DEFAULT JUDGMENT** |

COMES NOW Plaintiff Tamara Wareka p/k/a Tamara Williams, by and through her undersigned counsel, with these objections to the amended findings and recommendations (ECF 29) (the "Amended Recommendations") for default judgment pursuant to Federal Rule of Civil Procedure 72(b)(2). In support of these objections, Plaintiff states as follows:

**I.      RECOMMENDATIONS**

The Amended Recommendations were made following consideration of Plaintiff's Renewed Motion for Default Judgment (the "Default Motion") (ECF 22). Plaintiff's Default Motion requested statutory damages of $19,400 for copyright

1
OBJECTION TO AMENDED RECOMMENDATIONS

infringement, and $5,000 for Defendant's two violations of 17 U.S.C. § 1202, as well as full costs and fees. *See* ECF 22.

The Amended Recommendations address the error in the damages awarded for Defendant's two violations of 17 U.S.C. § 1202 by increasing the damages award to the statutory minimum. *See* ECF 27, 28. *See also* ECF 29 at Page 14. However, the Amended Recommendations continue to suggest that Plaintiff should only be awarded $1,500 for her claim of copyright infringement. *See* ECF 29. Once again, the only reasons given are that the requested damages are "too high," and that the infringement was perpetrated by a "single, standalone med spa." *Id*. at Page 13.

Plaintiff objects to the Amended Recommendations' suggested award of statutory damages for copyright infringement, finding that the suggested award fails to account for evidence presented by Plaintiff as to the amount of damages suffered, and the commercial nature of Defendants' use. These reasons for objection are discussed in further detail below, and further evidence is presented in the Declaration of Naomi Sarega filed concurrently herewith ("Sarega Decl."). Plaintiff has no objection to the award of damages for claims two and three, or costs and fees as suggested in the Amended Recommendations.

## II. ALLEGATIONS SHOULD BE TAKEN AS TRUE

Plaintiff finds the Amended Recommendations continue to disregard the fact that the allegations in Plaintiff's Complaint should be taken as true, specifically with respect to the nature of the Infringing Post. "The general rule of law [is] that upon default the factual allegations of the complaint . . . . will be taken as true." *Tele Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987). This principle is especially important when considering the commercial purpose and nature of the Infringing Post by Defendant.

## III. COMMERCIAL NATURE OF INFRINGING POST

While Plaintiff made these arguments in their first Objections (ECF 28), they appeared to be disregarded by the Amended Recommendations. Therefore, Plaintiff

2
OBJECTION TO AMENDED RECOMMENDATIONS

feels it necessary to restate them here. Both the first set of recommendations and the Amended Recommendations state that "Plaintiff's requested statutory damages of $19,400 are too high for the *nature* of the copyright infringement alleged," (emphasis added). ECF 29, Pg. 14. Plaintiff respectfully yet firmly disagrees with that statement. As argued below, the nature of the Infringing Post was decidedly commercial and should be viewed as such.

The Amended Recommendations continue to focus on the fact that "the infringement occurred in "one social media post by a single, standalone med spa." *Id*. Plaintiff has alleged and hereon argues that the Infringing Post by Defendant held out Plaintiff's copyrighted Angelia Photograph as their own in order to acquire a direct financial benefit. Defendant's status as a "single, standalone med spa" does not lessen the damage caused by their infringing conduct.

### a. As Evidenced by Infringing Post

Looking to the Infringing Post itself, the post is clearly advertising a sale on filler, as can be seen by the text, "FILLER $599," which was added to Plaintiff's Angelia Photograph. *See* ECF 1, Exhibit C. In addition to the added text, the caption of the Infringing Post details the many uses for filler and also advertises the sale. It reads "Enhance Your Natural Beauty with Our Exclusive Filler Sale! Get ready to embrace a stunning transformation! For a limited time only, we are offering an incredible deal on our premium filler, just $599 per syringe! Whether you're looking to plump your lips, enhance your cheeks, define your jawline, or sculpt your chin, this sale is your opportunity to achieve the look you've always desired." *Id*.

The Infringing Post is clearly using the Angelia Photograph to try to entice viewers and clients to purchase filler from Defendant. The Angelia Photograph, as used in the Infringing Post, is cropped so the focus of the image is on the model's full lips. *See* ECF 1, Ex. D. Plaintiff alleged in her Complaint that the Infringing Post was made using the Angelia Photograph to assist users with visualizing the results that could be achieved through these services. *See* ECF 1, ¶32. The caption

also provides inspiration to viewers, listing the many uses for filler which could be provided by Defendant at the advertised reduced price. These aspects directly show that there is a commercial nature to Defendant's use, as the Infringing Post is working to entice users to spend money on Defendant's services, therefore leading to Defendant acquiring a direct financial benefit from their Infringing Post of the Angelia Photograph.

### b. As Alleged in Plaintiff's Complaint

The commercial nature of the infringement was also alleged in the Complaint. Plaintiff specifically alleged that Defendant's Facebook Account was used for the purpose of promoting the products and services offered at Defendant's business, to attract clientele, and to generate profit and revenue for the company and it's owners. *See* ECF 1, ¶21. Therefore, the commercial nature of the page that hosted the Infringing Post is a fact this court must take as true. The infringement must be considered within this context.

Further, Plaintiff made allegations relating specifically to the infringement itself. In her Complaint, Plaintiff alleged the purpose of the Infringing Post was "promote and encourage the sale and use of Defendant's spa services by providing high-quality, professionally-produced photographs to assist the viewer in visualizing the results that could be achieved by using Defendant's services," and "for commercial benefit in order to acquire a direct financial benefit, through revenue from the sales of Defendant's services."

While commercial use could be inferred from these allegations, it is not necessary to make an inference. With the allegations in Plaintiff's Complaint taken as true, one must conclude that the nature of the Infringing Post was commercial, and that Defendant made the Infringing Post for the purpose of acquiring direct financial benefit.

### c. Lack of Objection to Commercial Characterization

While Plaintiff was unable to conduct discovery to determine the extent of the

4
OBJECTION TO AMENDED RECOMMENDATIONS

financial benefit acquired by Defendants from the Infringing Post, this is directly attributable to Defendant's failure to participate in this action. Defendant was clearly aware of the pendency of this action, as representatives of Defendant appeared multiple times before this Court. Although they were unable to represent Defendant, they failed to acquire counsel as continuously ordered by this Court. Further, they failed to properly object to any of the allegations within Plaintiff's Complaint, despite ample opportunity and time given to do so.

The well-established principle of law tells us these allegations must be taken as true. The facts of this case and the lack of objection by Defendant shows that Defendant has no objection to these allegations being taken as true. Therefore, Plaintiff urges this Court to consider the commercial nature of the Infringing Post in their statutory damages award.

### IV. DAMAGES FOR COPYRIGHT INFRINGEMENT
#### a. Proven Value of Plaintiff's Work

While not required, Plaintiff took it upon herself to prove her damages in the Default Motion. In doing so, Plaintiff presented evidence to this Court showing the value of a similar and comparable work. Another Declaration by Plaintiff's counsel, Naomi Sarega, has been filed concurrently herewith and offers additional evidence on the value of Plaintiff's work and the damages suffered.

Through the Sarega Declaration two licenses have been provided to showcase the range in Plaintiff's licensing fees for her works. *See* Sarega Decl. Exhibit A to the Sarega Declaration shows Plaintiff previously licensed a comparable work for $5,600. *Id*. Exhibit A. Exhibit B to the Sarega Declaration shows Plaintiff previously licensed another comparable work for $9,700. *Id*. Exhibit B.

Plaintiff believes that greater weight should be given to the proven market value of her work. The range in licensing fees as shown by the provided Exhibits put Plaintiff's typical licensing fees as being firmly between $5,600 and $9,700. *Id*.

Exhibits A, B. The suggested award of $1,500 for copyright infringement is well below the proven range and is only a fraction of the lowest proven license fee. The $1,500 award, put simply, is not nearly enough to compensate Plaintiff for the unauthorized use of her Angelia Photograph.

### b. Purpose of Statutory Damages

The purpose of statutory damages is to "further compensatory and punitive purposes and help sanction and vindicate the statutory policy of discouraging infringement." *Broad. Music, Inc. v. McDade & Sons, Inc.*, 928 F. Supp. 2d 1120, 1123 (D. Ariz. 2013); citing *L.A. News Serv. v. Reuters Television Int'l.*, 149 F.3d 987, 996 (9th Cir. 1998) (internal quotation marks omitted). "A statutory damages award must bear a plausible relationship to Plaintiff's actual damages . . ." *Mango v. Breaking Digest LLC*, 2025 U.S. Dist. LEXIS 51848; citing *Atari Interactive, Inc. v. Redbubble, Inc.*, 2023 U.S. App. LEXIS 18805.

The Court makes the suggestion of a $1,500 statutory award with little to no reasoning. Again, the Amended Recommendations only state that the requested amount is "too high" and cites an exercise of discretion. However, this act of discretion necessarily usurps the logical principle that it must cost less to obey copyright laws than to violate them. See *Broad Music Inc. v. Benchley Ventures, Inc.*, 131 F. Supp. 3d 1097 (W.D. Wash. 2015) (Finding a damages award appropriate "as it would put Defendant's 'on notice that it costs less to obey copyright laws than to violate them.'") Quoting *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001 (E.D. Va. 1985).

### c. Calculation of Statutory Damages

Plaintiff's request for $19,400 in statutory damages was correctly characterized in the Default Motion as being two times the evidenced licensing fee of $9,700. *See* ECF 22; *See also* Sarega Decl. Exhibit B. This calculation is justified as it is common practice for a multiplier to be applied to the copyright holders license

fee as a method of calculating damages for infringement.

Courts regularly apply a multiplier to the copyright holder's license fee as a method of calculating statutory damages. It has been found that "judgments of three times the lost registration fees is a 'just' award." *Broad. Music, Inc. v. McDade & Sons, Inc.* at 1135. See also *Mango v. Breaking Digest LLC* at 10. The court in *Mango* found three times the Plaintiff's estimated licensing fee to be a fair and just damages award, even after a showing that the defendant removed the infringement after being notified by the plaintiff. *Id*. at 1-12.

Here, Plaintiff has not just estimated her license fees but proven them. She has requested a modest multiplier of two for her shown license fee of $9,700, to reach her requested award of $19,400 for copyright infringement. This requested award bears a plausible relationship to Plaintiff's typical license fees, and is reasonable given Defendant's conduct. Additionally, the award furthers the overall purpose of copyright damages to deter such infringing conduct.

The suggested award of $1,500 bears no plausible relationship to Plaintiff's license fees. It also fails function as a deterrent to future infringing conduct. To only award $1,500 for the infringement of Plaintiff's copyright would essentially allow the Defendant to have used the Angelia Photograph at a discount. In Plaintiff's view, this is completely impermissible given Defendants' willful infringing conduct. Such an award is contrary to the very purpose of statutory damages awards for copyright infringement.  While Plaintiff concedes that Courts do have discretion in granting damages, such discretion should not be used to usurp their intended purpose as a deterrent.

V.     **CONCLUSION**

Taking into account the commercial nature of the Infringing Post by Defendant, the proven value of Plaintiff's work, and the principles and purpose of granting statutory damages awards for copyright infringement, Plaintiff believes an

award of $19,400 in statutory damages for copyright infringement to be reasonable.

In conclusion, Plaintiff respectfully asks this Court to consider the above objections by Plaintiff when reviewing the Amended Recommendations and issuing a judgment in this matter.

Dated: November 19, 2025                    Respectfully submitted,

**/s/ Naomi M. Sarega**
Naomi M. Sarega, Esq.
Bar No. 306967
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*

# **CERTIFICATE OF SERVICE**

I am over the age of 18 and not a party to the within action.

On November 19, 2025 I served the foregoing documents, **OBJECTIONS TO AMENDED RECOMMENDATIONS FOR DEFAULT JUDGMENT**, on Defendant Dolce Vita as follows:

(BY MAIL) I deposited an envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon, fully prepaid, and addressed to the person below:

Simon Buniak
300 Harding Boulevard, Suite 112
Roseville CA 95678

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 19, 2025 at Santa Ana, California.

Dated: November 19, 2025                    Respectfully submitted,

**/s/Diana Ramirez**
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200,
N Las Vegas, NV, 89032
(714) 617-8350
(714) 597-6729 fascimile