UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMARA WAREKA,

Plaintiff,

v.

DOLCE VITA HEALTH CENTER, INC.,

Defendant.

No. 2:24-cv-01440-DAD-CSK

ORDER ADOPTING AMENDED FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

(Doc. Nos. 22, 29)

This matter is before the court on plaintiff's motions for default judgment. (Doc. No. 22.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 6, 2025, the assigned magistrate judge issued amended findings and recommendations recommending that plaintiff's second motion for entry of default judgment be granted. (Doc. No. 29.) Specifically, the magistrate judge concluded that under the applicable legal standards plaintiff was entitled to the entry of a default judgment against defendants as to all claims asserted in this action. (*Id.* at 5–12.) However, as to the terms of the judgment, plaintiff had sought $24,400 in statutory damages, $3,217.50 in attorney's fees and $850, with post-judgment interest at .70% per annum and permanent injunctive relief, while the magistrate judge instead recommended statutory damages in a total amount of $6,500 and the denial of a

1

permanent injunction while adopting plaintiff's request with respect to attorney's fees, costs and post-judgment interest. (*Id.* at 13–18.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 18.) On November 19, 2025, plaintiff filed timely objections to those findings and recommendations. (Doc. No. 30.) In those objections counsel on behalf of plaintiff argues that the magistrate judge erred in rejecting the request for the award of $19,400 in statutory damages as to her copyright infringement claim and instead recommending only $1,500 in statutory damages as to that claim. (*Id.* at 1–2.) In so objecting, plaintiff points to evidence presented as to the actual amount of damages plaintiff suffered and the commercial nature of defendants' use of the copyrighted photograph. (*Id.* at 2–8.) However, in plaintiff's motion for entry of default judgment she clearly sought the award of statutory, not actual, damages with respect to her copyright infringement claim. (Doc. No. 22 at 13–15.) As correctly noted in the pending findings and recommendations:

> "If statutory damages are elected, '[t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.'" *Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (quoting *Harris v. Emus Recs. Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)). In measuring statutory damages, a court is guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like .... Within these limitations the court's discretion and sense of justice are controlling ...." *Id.* (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952).

(Doc. No. 29 at 13–14.)[1]  In light of the circumstances presented by this case and the nature of the infringement, the undersigned has no disagreement with the recommendation as to what is a just award of statutory damages in this case.

/////

---

[1] *See Oracle USA, Inc. v. Rimini Street, Inc.*, 81 F.4th 843, 858 (9th Cir. 2023); *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("If statutory damages are elected, '[t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.'"); *see also Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's/defendant's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The amended findings and recommendations issued on November 6, 2025 (Doc. No. 29), are adopted in full;

2. Plaintiff's motion for entry of default judgment (Doc. No. 22) is granted;

3. Plaintiff is awarded $1,500 in statutory damages pursuant to 17 U.S.C. § 504 as to her claim one;

4. Plaintiff is awarded $5,000 in statutory damages pursuant to 17 U.S.C. § 1203 as to her claims two and three;

5. Plaintiff is awarded $3,217.50 in attorney fees and $850 in costs;

6. Plaintiff is awarded post-judgment interest as set forth in 28 U.S.C. § 1961(a), which shall accrue from the time of entry of judgment until the judgment is satisfied in full;

7. Plaintiff's request for a permanent injunction is denied; and

8. The Clerk of the Court is directed to enter judgement in plaintiff's favor and to close this case.

IT IS SO ORDERED.

Dated: **February 16, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3